IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| David Meyers, ) | |
| ) | C/A No. 3:23-cv-00460-DCC-KFM[1] |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

      This matter is before the court on a motion for recusal filed by the plaintiff (doc. 5). On September 14, 2023, the Fourth Circuit designated the Honorable Donald C. Coggins, Jr., United States District Judge for the District of South Carolina, to hold court in the Western District of North Carolina for all proceedings in the instant matter (doc. 7). During this same time, the Honorable Martin Reidinger, Chief United States District Judge for the Western District of North Carolina, entered an order designating the Honorable Kevin F. McDonald, United States Magistrate Judge, to hold court and perform any and all judicial duties designated under 28 U.S.C. § 636 for all pretrial proceedings in the instant matter (doc. 8). As such, this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

      On August 14, 2023, the plaintiff filed a motion seeking recusal of all of the United States District Judges and United States Magistrate Judges for the Western District of North Carolina (hereinafter, collectively, "WDNC Judges") based upon disagreement with rulings made in his prior cases (doc. 5). In the motion, the plaintiff asserts that all of the WDNC Judges are committing hate crimes on the plaintiff, conspiring to have him assassinated, and protecting the "white supremacist white racist buddies" against whom the plaintiff has sought relief by dismissing the plaintiff's cases (*id*. at 1–3, 10–12). The

---

[1] The case number has been updated based upon the reassignment of this matter. The parties are directed to update any future filings in this case accordingly.

plaintiff's motion then goes on to set out the allegations he seeks to bring against the defendant in front of a different judge (*id*. at 3–9).

Generally, dissatisfaction with a court's rulings does not entitle the plaintiff to recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Moreover, based on the reassignment of the instant matter on September 14, 2023, to the undersigned and Judge Coggins, the plaintiff's motion seeking recusal of the WDNC Judges (doc. 5) is **denied** as moot.

**IT IS SO ORDERED**.

s/ Kevin F. McDonald
United States Magistrate Judge

October 5, 2023
Greenville, South Carolina